# EXHIBIT B

**COPY**

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Ste 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiffs

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 16 2017

NPPowers

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF RIVERSIDE
UNLIMITED JURISDICTION

DEANA DINCOFF and JAMES DINCOFF,

Plaintiffs,

-vs-

TRANSUNION CORP.; DOES 1-10 inclusive,

Defendant.

CASE NO.: MCC1700280

COMPLAINT
1. Violation of Fair Credit Reporting Act
2. Violation of California Consumer Credit Reporting Agencies Act

(Amount to Exceed $25,000)

Jury Trial Demanded

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25, *et seq.* (hereinafter "CA CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2. Plaintiffs, DEANA DINCOFF and JAMES DINCOFF ("Plaintiffs"), are natural person(s) residing in Riverside County in the state of California, and are both a "consumer" as defined by 15 U.S.C. §1681a and *Cal. Civ. Code* §1785.3(a).

3. At all relevant times herein, Defendant, TRANSUNION CORP. ("Defendant"), is a company who regularly provides information to consumer reporting agencies, and is therefore an "information furnisher" as defined by the FCRA and CA CCRA. Defendant is a consumer reporting agency, and is also a "person" as defined by *Cal. Civ. Code* §1785.3(j).

4. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiffs' credit report. Defendant misrepresented, and continue to misrepresent, on one or more of Plaintiffs' accounts.

7. The derogatory remarks reported on Plaintiffs' consumer credit report, reported by Defendant, are from a mortgage with Ocwen Loan Servicing, LLC ("OLS").

8. OLS reported Plaintiffs' mortgage payments as delinquent when they had in fact paid off the entirety of mortgage balance by around September of 2015.

9. Additionally, OLS had reported Plaintiffs as both having no balance due to discharge in bankruptcy as well as delinquent and failing to make payments. These contrary positions are inaccurate, derogatory, and could not possibly co-exist.

10. These allegedly delinquent payments reported to Defendant by OLS, and in turn, reported by Defendant on Plaintiffs' consumer credit report, were derogatory, false, and misleading.

11. Plaintiffs disputed the reporting with Defendant on multiple occasions, but Defendant failed to investigate and correct the inaccurate, derogatory reporting. Defendant has failed to respond favorably, if at all, to Plaintiffs' dispute.

12. On or around June of 2016, Plaintiffs again disputed the derogatory tradeline with Defendant through Defendant's online dispute resource.

13. Moreover, around the same time or shortly thereafter, Plaintiffs sent Defendant a copy of a Complaint in a lawsuit against OLS that was filed in this Court that contained a detailed factual account of OLS' false and misleading report of the information in question to Defendant.

14. Despite all of the foregoing, Defendant refused to remove the false, misleading, and derogatory marks from Plaintiffs' consumer credit report.

15. Defendant is aware that the derogatory information on Plaintiffs' consumer credit report is disseminated by Defendant to various other persons or parties, including other credit reporting agencies, who will be reviewing this information for the purpose of extending credit, insurance, employment, or other benefits or liabilities dependent on consumer credit, and that they have already done so.

16. The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as debtors, and Plaintiffs' credit worthiness.

17. Plaintiffs' have applied and been turned down for refinancing loans and mortgages to purchase homes as a direct and proximate result of Defendant's reporting of the derogatory marks detailed herein.

18. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

19. Plaintiffs have been damaged, and continues to be damaged, in the following ways:
   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiffs to other people both known and unknown,
   b. Denial of credit or the benefit of better interest rates on credit that is extended, as a direct and proximate result of the false and misleading nature of the derogatory marks.

20. In fact, upon the medical advice and prescription of their board certified physician, Plaintiffs have purchased Dusty, an emotional support therapy dog because medication is no longer sufficient to treat the emotional trauma that Plaintiffs have suffered as a direct and proximate result of Defendants' conduct.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

23. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiffs to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

24. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiffs for the full amount of statutory, actual

1 and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

25. Further, Defendant failed to notify Plaintiffs of its intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiffs' dispute of that information.

26. As a result of the above violations of the FCRA and CA CCRA, Plaintiffs suffered and continues to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

27. Plaintiffs reincorporate by reference all of the preceding paragraphs.

28. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

29. Plaintiffs reincorporate by reference all of the preceding paragraphs.

30. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

31. Defendant negligently and willfully furnished information on Plaintiffs' credi report that it knew or should have known was inaccurate.

32. Based on these violations of Civil Code § 1785.25 (a), Plaintiffs are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages; attorney's fees, pain

1 | and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more
2 | than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

### PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 16th day of March, 2017.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiffs