**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 668-2400
FACSIMILE (714) 668-2490

Donald E. Bradley (State Bar No. 145037)
 d.bradley@mpglaw.com

Attorneys for Defendant TRANS UNION LLC
(erroneously named as "TRANSUNION CORP.")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DEANA DINCOFF and JAMES DINCOFF,<br><br>            Plaintiffs,<br><br>vs.<br><br>TRANSUNION CORP.; DOES 1-10 inclusive,<br><br>            Defendant. | Case No. 5:17-cv-00753 PA (AGRx)<br><br>Hon. Percy Anderson, Courtroom 9A<br><br>**DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** |

Trans Union LLC ("Trans Union") answers the Plaintiffs' Complaint and Demand for Jury Trial as follows:

## I.

## **INTRODUCTION**

1.  Trans Union admits that Plaintiffs have asserted claims alleging damages pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, and the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code §1785 *et seq.* Trans Union denies that it violated any of the laws relied on by Plaintiffs and denies the remainder of the allegations in Paragraph 1 of

the Complaint.

## II.
## PARTIES

2. Trans Union admits that Plaintiffs are natural persons. Trans Union admits that Plaintiffs are "consumers" as defined in 15 U.S.C. §1681a(c) of the FCRA. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint, and therefore, denies them.

3. Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f) and it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore, denies them

5. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore, denies them.

## III.
## FACTUAL ALLEGATIONS

6. Trans Union admits that Ocwen Loan Servicing furnished a derogatory information that appeared on Plaintiff's Trans Union credit report. Trans Union denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Trans Union admits that the derogatory remarks reported on Plaintiff's Trans Union credit report are remarks furnished to Trans Union by OLS on its home equity loan it had with Plaintiff. Trans Union denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Trans Union admits that OLS reported that Plaintiff James Dincoff was late with his home equity loan monthly payments from September 2014 until August 2015. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and therefore, denies them.

9. Trans Union denies the allegations contained in paragraph 9 of the Complaint.

10. Trans Union denies reporting derogatory, false and misleading information on Plaintiffs' credit reports. Trans Union denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Trans Union admits that it received correspondence from Plaintiff James Dincoff disputing an Ocwen Loan Servicing account. Trans Union denies reporting inaccurate or derogatory information on Plaintiffs' credit reports. Trans Union denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Trans Union admits that on June 28, 2016, it received a request from Plaintiff James Dincoff, via Trans Union's online dispute system, regarding Ocwen Loan Servicing account #....5206. Trans Union denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Trans Union admits that on September 20, 2016, it received correspondence from Plaintiff James Dincoff enclosing a copy of a Complaint, styled *Deana Dincoff and James Dincoff v. Ocwen Loan Servicing, LLC, et al.*, in the Superior Court of the State of Nevada, Case No. MCC1600342. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint, and therefore, denies them.

14. Trans Union denies reporting false, misleading and derogatory information on Plaintiffs' credit reports. Trans Union denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore, denies them.

16. Trans Union denies reporting inaccurate information on Plaintiffs' credit reports. Trans Union denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Trans Union denies reporting false, misleading and derogatory information on Plaintiffs' credit reports. Trans Union denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore, denies them.

19. Trans Union denies the allegations and damages contained in paragraph 19 of the Complaint, including all subparts.

20. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore, denies them.

21. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore, denies them.

22. Trans Union denies the allegations contained in paragraph 22 of the Complaint.

23. Trans Union denies the allegations contained in paragraph 23 of the Complaint, including all subparts.

24. Trans Union denies the allegations and damages contained in paragraph 24 of the Complaint.

25. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26. Trans Union denies the allegations, damages and relief contained in paragraph 26 of the Complaint.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

27. Trans Union restates and incorporates its responses to paragraphs 1 through 26 above as though fully stated herein.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

## PRAYER FOR RELIEF

Trans Union denies the relief sought in the Prayer for Relief paragraph, including all subparts, under Count I of the Complaint.

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

29. Trans Union restates and incorporates its responses to paragraphs 1 through 28 above as though fully stated herein.

30. The provisions of California Civil Code §1785.25(a) are self-evident and speak for themselves. Trans Union is not required to admit or deny the averments contained in paragraph 30 of the Complaint.

31. Trans Union denies the allegations contained in paragraph 31 of the Complaint.

32. Trans Union denies the allegations, damages and relief contained in paragraph 32 of the Complaint.

## PRAYER FOR RELIEF

Trans Union denies the relief sought in the Prayer for Relief paragraph, including all subparts, under Count II of the Complaint.

## PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

Trans Union admits that Plaintiffs request a trial by jury.

## DEFENSES

33. Without admitting it has a burden of proof on the issue, at all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and California Consumer Credit Reporting Agencies Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiffs.

34. Trans Union alleges that any alleged damages to Plaintiffs, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiffs or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

35. Trans Union, in compliance with the Fair Credit Reporting Act and California Consumer Credit Reporting Agencies Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiffs.

36. Trans Union at all times acted in compliance with the Fair Credit Reporting Act and California Consumer Credit Reporting Agencies Act.

37. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiffs and has not acted with negligence, malice, actual malice, or willful intent to injure.

38. Plaintiffs failed to mitigate their alleged damages.

39. Plaintiffs' claims for exemplary or punitive damages and the Fair Credit Reporting Act damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of California.

40. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiffs have filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the Fair Credit Reporting Act in bad faith or for purposes of harassment.

41. Any alleged damages to Plaintiffs, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

42. Any credit report or information released by Trans Union to a third party concerning Plaintiffs was done with Plaintiffs' explicit or implicit consent.

43. Trans Union reserves the right to assert additional defenses that it may learn of through the course discovery.

WHEREFORE, Trans Union requests that this Court deny the relief requested in Plaintiffs' Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and order such other and further relief as the Court deems just.

DATED:  April 26, 2017              MUSICK, PEELER & GARRETT LLP


By: ____*/s/  Donald E. Bradley*____
      Donald E. Bradley
      Attorneys for Defendant TRANS UNION LLC

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, CA 92626-1925.

On April 26, 2017, I served true copies of the following document(s) described as **DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** on the interested parties in this action as follows:

>Todd M. Friedman
>LAW OFFICES OF TODD M. FRIEDMAN, P.C.
>21550 Oxnard Street, Suite 780
>Woodland Hills, CA  91367
>Phone:  (877) 206-4741
>Fax:     (866) 633-0228
>Email: tfriedman@toddflaw.com
>***Attorneys for Plaintiffs***

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 26, 2017, at Costa Mesa, California.

>*/s/ April M. Yusay*
>April M. Yusay