Todd M. Friedman (SBN 216752)
Adrian R Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, PC
324 S. Beverly Drive, # 725
Beverly Hills, California 90212
Tel: (877) 206-4741
Fax: (866) 633-0228

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DEANA DINCOFF and JAMES
DINCOFF,

        Plaintiffs,

    vs.

TRANSUNION CORP,

        Defendants

**Case No.** EDCV-16-1361 RGK (JEMx)

**JOINT RULE 26(f) REPORT**

**Hon. Percy Anderson**

Date:        June 12, 2017

Time:        10:30 A.M.

Courtroom:  9A

COMPLAINT

1    Pursuant to Rule 26(f) and the Court's Order Setting Scheduling Conference,

2  Plaintiffs, Deanna Dincoff and James Dincoff, ("Plaintiffs") Defendant,

3  TRANSUNION CORP. ("Defendant"), hereby submit their Joint Rule 26(f)

4  Conference Report after having met and conferred on the issues contemplated in

5  Rule 26(f) and the Court's Order.

6  1.    STATEMENT OF THE CASE

7    **Plaintiffs**: Plaintiffs brings this Complaint against Defendant for damages,

8  injunctive relief, and any other available legal or equitable remedies, resulting from

9  the illegal actions of Defendant, for violations of the Fair Credit Reporting Act

10  (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and for violations of the California

11  Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25 (hereinafter

12  "CCRA"), which regulate the collection, dissemination, and use of consumer

13  information, including consumer credit information.

14    This case stems from Plaintiffs' second mortgage, and the activities relating

15  to how that mortgage was reported on Plaintiffs' credit reports.  Plaintiffs declared

16  Chapter 7 bankruptcy in 2005, but sheltered their mortgages for the property in

17  question and continued to make payments on the mortgage at issue.  In 2013,

18  Plaintiffs' Mortgage was transferred to Ocwen for servicing.  Plaintiffs continued

19  making timely payments on the property to Ocwen.  In or around June 2013,

20  Plaintiffs stopped receiving statements from Ocwen.

21    From July 2013 until July 2014, Ocwen reported to Transunion Corp., that

22  Plaintiffs' mortgage was included in a bankruptcy and had a zero balance.  The

23  erroneous and derogatory remark negatively affected Plaintiffs' credit, and

24  prevented them from receiving other financing.  Plaintiffs repeatedly disputed the

25  issue with Transunion but Transunion failed to conduct a reasonable investigation

26  and correct the reporting.

27

28

JOINT 26F REPORT

1    Defendant is alleged to have violated sections 1681n and 1681o of the FCRA
2    by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

3        a.   Willfully and negligently continuing to furnish and disseminate
4             inaccurate and derogatory credit, account and other information
5             concerning the Plaintiff to credit reporting agencies and other entities
6             despite knowing that said information was inaccurate; and,

7        b.   Willfully and negligently failing to comply with the requirements
8             imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

9    As a result of the above actions, Plaintiffs allege violations of the FCRA and
10   CCCRAA.  Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings,
11   personal humiliation, embarrassment, mental anguish and emotional distress, and
12   Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages,
13   and costs and attorney's fees.

14   **Defendant:**

15   Trans Union LLC's Statement:

16   As discovery has yet to commence, Trans Union cannot provide this Court
17   with a complete factual background of the case as it relates specifically to Plaintiff.
18   Upon information and belief, Plaintiff James Dincoff disputed the reporting of an
19   Ocwen Loan Servicing home equity loan account in 2016.  Trans Union denies that
20   the Ocwen Loan Servicing home equity loan account was ever reporting as
21   "included in bankruptcy."  Further, Trans Union has accurately reported credit
22   information pertaining to the Plaintiff and properly investigated Plaintiff's disputes
23   as required by the FCRA, updated the information as appropriate, and timely
24   reported the results of those investigations to Plaintiff.  At all relevant times, Trans
25   Union maintained and followed reasonable procedures to avoid violations of the
26   Fair Credit Reporting Act and assure maximum possible accuracy of the
27   information concerning Plaintiff in preparing consumer reports related to Plaintiff.

28

JOINT 26F REPORT

Trans Union accepted information regarding Plaintiff from reliable sources, including Ocwen Loan Servicing.  Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b). Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA.  Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff and Ocwen. Therefore, this statement is based on the facts known by Trans Union at this time.  Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**2.    AMENDMENT OF PLEADINGS OR JOINDER OF PARTIES;**

At this time, the parties do not anticipate the joinder of any additional parties to this action or any amendments to the pleadings or answer.

3.    **ANTICIPATED MOTIONS AND SCHEDULING OF MOTIONS**

**Plaintiffs:** At this time, Plaintiff does not anticipate filing any motions, but reserves the right to file a Motion for Summary Judgment, depending on evidence obtained in discovery.  Plaintiff proposes the motion filing cut-off date be April 13, 2018.

**Defendant:**  Trans Union anticipates filing a Motion for Summary Judgment and Motions in Limine.

4.    **ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY**

**Plaintiffs**: Plaintiffs propose to the Court the following discovery plan:

1) The parties will exchange the information required by Federal Rules of Civil Procedure 26(a)(1) on or before June 12, 2017.

2) All fact discovery will be commenced in time to be completed by February

9, 2018. The number of interrogatories, requests for admissions, and requests for production of documents, as well as the number and length of depositions shall be as set forth in the Federal Rules of Civil Procedure.

3) Plaintiffs do not require any limitations on discovery.  The parties will meet and confer regarding the terms of a Stipulated Protective Order if necessary.

4) Disclosure of experts under Federal Rule of Civil Procedure 26 (a)(2) due: All parties will provide the disclosures required on or before February 9, 2018. Counter-designations of experts will be made on or before February 23, 2018. Expert discovery will be completed by March 16, 2018.

Plaintiffs will be requesting several categories of documents from Defendants in discovery, including detailed credit report notes pertaining to the reporting of Plaintiffs' alleged debt, records of Defendant's investigation and inquiry into Plaintiffs' disputes, and communications relating to Plaintiffs.

With regard to the written discovery and depositions that Plaintiff intends on conducting, Plaintiff would respectfully submit that no limitations or phases should be imposed on conducting the discovery.

**Defendant:**   Trans Union believes discovery should not be limited, or conducted in phases, allowing for the best opportunity for discovery of any and all information which could be relevant and lead to discoverable or admissible information.  All discovery shall be commenced or served in time to be completed by February 9, 2018.

Based on what is presently known Trans Union anticipates conducting discovery on the following:

      i.   the facts and circumstances surrounding the allegations in Plaintiffs' Complaint;

      ii.   the accuracy of the Ocwen account;

      iii.   communications between Plaintiffs and the Defendants;

JOINT 26F REPORT

      iv.   reinvestigations conducted by the Defendant;

      v.   communications between Plaintiff and his/her creditors;

      vi.   the facts and circumstances surrounding Plaintiffs' alleged damages;

      vii.   Plaintiffs' failure to mitigate his/her alleged damages;

      viii.   causation relating to Plaintiffs' alleged damages;

      ix.   the facts and circumstances surrounding Plaintiffs' alleged adverse credit action;

      x.   Plaintiffs' credit history and usage;

      xi.   the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiffs' consumer reports; and

      xii.   any other issues raised by the pleadings or discovery.

5.   **Scheduling**

**Plaintiffs:** Plaintiffs propose that the cut-off date for fact and expert discovery be March 16, 2018; the motion filing cut-off date be April 13, 2018; a pretrial conference in June 8, 2018; and trial in July 2018.

**Defendant:** Trans Union agrees to Plaintiffs proposed fact and expert discovery cut-off.

6.   **ESTIMATE OF TRIAL TIME**

**Plaintiffs:** Plaintiffs estimate a 3-4 day jury trial with three to five witnesses to be called by Plaintiffs. Plaintiffs' witness list will most likely grow after individuals are identified during the course of discovery.

**Defendant:** Trans Union estimates a 2-3 day jury trial. Trans Union anticipates calling three to five witnesses.

7.   **MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

None

8.   **SETTLEMENT**

JOINT 26F REPORT

The parties have been actively engaged in settlement discussions.  The parties are in agreement that settlement discussions will be beneficial after a developed factual record is established.  Plaintiffs request private mediation, given the extent of actual damages in this matter.

**Defendant:**  Defendants would agree with Plaintiff that settlement may be enhanced by use of mediation (or other chosen ADR process).

9. **OTHER ISSUES**

The parties, through their undersigned counsel, agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and secondary email addresses of all counsel or record (or any updated email address provided to all counsel of record.)   The parties also agree, upon request, to promptly (no later than the second business day after the service) provide the sending party with confirmation of receipt of the service by email.  The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).   If any error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.


DATED:  May 26, 2017          Law Offices of Todd M. Friedman, P.C.


                              By: /s/ Todd M. Friedman
                                  Todd M. Friedman
                                  Adrian R. Bacon
                                  Attorneys for Plaintiff


DATED:  May 26, 2017          MUSICK, PEELER & GARRETT LLP

1

2    By: /s/    Donald E. Bradley

3    Donald E. Bradley
     Attorneys for Defendant TRANS UNION LLC

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>Signature Certification</u>

2         Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative

3 Policies and Procedures Manual, I hereby certify that the content of this document

4 is acceptable to all counsel herein and that I have obtained their authorization to

5 affix their electronic signatures to this document.

6 Dated**:** May 26, 2017        **Law Offices of Todd M. Friedman, P.C.**

7

8                          By:  /s/ Todd M. Friedman

                             Todd M. Friedman, Esq.

9                             Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT 26F REPORT

**CERTIFICATE OF SERVICE**

Filed electronically on this 26th Day of May, 2017, with:

United States District Court CM/ECF system

And hereby served upon all parties

Notification sent on this 26th Day of May, 2017, via the ECF system to:

Hon. Percy Anderson

And all Counsel of Record as recorded on the Electronic Service List.

By: s/Todd M. Friedman
     Todd M. Friedman

JOINT 26F REPORT